■ ARTHUR H. SHAFFER, Respondent, v HOWARD C. HIRSCH, Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered January 8, 1976, denying defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion granted, and the complaint dismissed, with $60 costs and disbursements to appellant. Plaintiff had been a limited partner in the brokerage firm of Hirsch & Co. A committee of Hirsch & Co. had been considering a proposed merger with Francis I. duPont & Co. A report was submitted to the Hirsch & Co. partners recommending the merger and the transfer of capital contributions to duPont. Plaintiff became a limited partner in duPont, making a $250,000 capital contribution. He withdrew this contribution when he allegedly discovered that the statements and representations of the defendants regarding duPont's financial condition and the partnership terms offered were false. duPont returned the funds and instituted suit against plaintiff alleging improper withdrawal of the funds. That suit was settled. Plaintiff seeks to recover from the defendants the $50,000 cost of that settlement as consequential damages and $200,000 in punitive damages. The complaint alleges three causes of action: Fraud, breach of trust, and negligence. We note that the gravamen of the complaint urging reliance by plaintiff on misrepresentations of the defendants is belied by plaintiff's own statements in his examination before trial, which reveal that plaintiff relied upon a statement from duPont's controller as well as a financial report submitted to him by duPont and, in fact, did not speak to defendant Hirsch regarding the merger. The affidavit in opposition to the motion for summary judgment was that of plaintiff's attorney, and no challenge was made to the facts alleged in defendant's affidavits. Plaintiff relied instead on CPLR 3212 (subd [f]), which precludes the granting of summary judgment when "facts essential to justify opposition may exist but cannot then be stated". The "facts" alluded to included documents in a related Federal action now pending, indicating that defendants knew or should have known of the fraud. However, in this case, that bare allegation is insufficient to bar summary judgment in favor of the defendant. Plaintiff's own statements belie reliance on anything other than statements and documents supplied by duPont. The knowledge which the defendants may have had cumulatively or individually cannot overcome the basic admission that the plaintiff did not rely on that knowledge but, rather, upon his own independent inquiry. In any event, examination of the defendant Hirsch was available but not utilized by the plaintiff. Under all of the circumstances, it appears that plaintiff did not reveal his proof in a fashion sufficient to overcome the relief sought *(Di Sabato v Soffes,* 9 AD2d 297), and the defendant Hirsch is therefore entitled to summary judgment in his favor. Concur—Kupferman, J. P., Murphy, Lupiano, Lane and Nunez, JJ.